**NOTE CHANGES MADE BY THE COURT**

Drew E. Pomerance, Esq. (SBN 101239)
dep@rpnalaw.com
Erin M. LaBrache, Esq. (SBN 195655)
eml@rpnalaw.com
**ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone:  (818) 992-9999
Facsimile:   (818) 992-9991

Attorneys for Plaintiff
FRONTLINE MEDICAL ASSOCIATES, INC.

FILED
CLERK, U.S. DISTRICT COURT
OCT 27 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTLINE MEDICAL ASSOCIATES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>COVENTRY HEALTH CARE WORKERS COMPENSATION, INC., a Corporation; FIRST HEALTH GROUP CORP., a Corporation; FOCUS HEALTHCARE MANAGEMENT, INC., a Corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.  CV09-3274 GHK (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[FILED CONCURRENTLY HEREWITH DECLARATION OF ERIN M. LABRACHE IN SUPPORT THEREOF AND [PROPOSED] ORDER] |

Plaintiff FRONTLINE MEDICAL ASSOCIATES, INC. ("Plaintiff") and Defendants COVENTRY HEALTH CARE  WORKERS COMPENSATION, INC., FIRST HEALTH GROUP CORP. and FOCUS HEALTHCARE MANAGEMENT, INC. (collectively "Defendants"), by and through their respective counsel, hereby stipulate and agree that, in order to facilitate the discovery process, documents to be produced and information disclosed by the parties which the parties deem to be either confidential, proprietary or subject to the privacy rights of third parties ("Confidential Information"), shall be protected according to the following terms and conditions:

1

**STIPULATED PROTECTIVE ORDER**

1. The parties shall determine in good faith whether any document produced in this action, discovery responses (including any interrogatory responses and responses to request for admissions) or deposition testimony, or any part thereof, contains Confidential Information, and will mark or stamp any such document or discovery response with an appropriate designation indicating that party's determination that the document(s) or information should be subject to this Stipulated Protective Order or, in the case of deposition testimony, indicate on the record that such testimony contains Confidential Information and direct the court reporter to mark or stamp the cover of such transcript with an appropriate designation indicating that it is subject to this Stipulated Protective Order.

2. Any document, discovery response or deposition transcript, or any part thereof, so designated shall not be used by any other party hereto for any business or commercial purpose or in any other administrative or judicial proceeding, and the use of said document shall be limited to the preparation and trial of the above-entitled action, including discovery, and any and all appeals and/or retrials.

3. All documents, discovery responses or deposition transcripts designated as containing Confidential Information may be disclosed only to:

    a. Counsel for the parties hereto, and clerks, legal assistants, secretaries, paralegals, investigators, and other persons or entities retained by counsel to provide litigation-related services and the employees of said persons or entities;

    b. Experts, consultants and other independent contractors retained or employed by counsel to consult with, advise or assist counsel in the preparation or trial of this case; Representatives of the parties hereto who are responsible for assisting counsel in the preparation or trial of this case;

///
///

2
**STIPULATED PROTECTIVE ORDER**

  c. Persons who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and/or

  d. Court personnel, including the judge, court reporters and clerks.

4. If, at any time during the pendency of this action, counsel for any party wishes to challenge the other party's designation of documents or discovery responses as containing Confidential Information, and exclude such documents and discovery responses from the provisions of this Stipulated Protective Order, the party may proceed by regular motion or *ex parte* application before the Court. The parties shall first meet and confer to resolve informally any disputes concerning this Stipulated Protective Order before bringing any such motion or application before the Court.

5. With the exception of court personnel identified in paragraph 3(D), the parties shall take appropriate measures to ensure that all persons permitted access to such documents under paragraph 3 of this Stipulated Protective Order shall agree, prior to reviewing such documents, to be bound by the terms and conditions hereof with respect to the use of such documents, and such persons shall sign the agreement attached hereto as Exhibit "A".

6. If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or given during the course of a deposition, that portion of the deposition transcript shall be sealed and stamped confidential, and access thereto shall be limited pursuant to the other terms of this Stipulated Protective Order.

7. All documents designated as containing Confidential Information shall be kept in secure facilities. Access to those facilities shall be permitted only to those designated persons set forth in paragraph 3, as limited by paragraph 5, of this Stipulated Protective Order, as properly having access thereto.

8. ~~Documents or other information designated as Confidential Information, pursuant to this Stipulated Protective Order shall be offered as evidence for any motion, hearing, trial, or other proceeding only under appropriate court order protecting its~~

3
**STIPULATED PROTECTIVE ORDER**

~~confidentiality unless the confidentiality of such information has been removed by agreement of counsel or by order of the Court,~~ All confidential material or attorneys eyes only material used at trial shall become public absent a separate court order upon written motion and sufficient cause shown.

9. In the event either party wishes to file not under seal any Confidential Information with any court, including, but not limited to, documents, interrogatory answers, depositions and physical things designated as containing Confidential Information, that party must first give sufficient advance notice to the opposing party so that it can seek leave from the Court to have the information filed under seal pursuant to Local Rule 79-5 et. seq. of the Central District Rules of Court. Absent extraordinary circumstances, seven court days notice shall be deemed to be sufficient advance notice for purposes of this Paragraph. The party seeking to have the information filed under seal shall make its application within three court days of getting notice. Any responsive papers shall be filed within one court day.

10. Nothing in this order shall prevent counsel for the parties from referencing in support of oral or written legal arguments, documents, deposition testimony or other information designated as containing Confidential Information pursuant to this Stipulated Protective Order, provided that such references do not contain quoted material from such confidential materials and, if such confidential materials are submitted to the court, such submission is made in accordance and compliance with the other provisions contained in this Stipulated Protective Order.

11. Upon the final termination of this litigation, counsel for each party shall return to the other party all materials which have been designated as containing Confidential Information, and shall destroy all copies which have been made of, or documents prepared from such Confidential Information, and shall provide counsel (upon request) with a written statement that such documents were destroyed pursuant to this Stipulated Protective Order. Attorney-client communications, and internal memoranda subject to the attorney work product doctrine, which contain Confidential

Information do not need to be destroyed, but shall be secured in a manner so as to protect against inadvertent disclosure, shall be kept strictly confidential, and shall remain subject to this Stipulated Protective Order.

Dated: October 23, 2009        ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By: _____/S/_____
DREW E. POMERANCE, Esq.
ERIN M. LaBRACHE, Esq.
Attorneys for Plaintiff FRONTLINE MEDICAL ASSOCIATES, INC.

Dated: October 23, 2009        EPSTEIN BECKER & GREEN, P.C.

By: _____/S/_____
Damian D. Capozzola, Esq.
Daniel Parker Jett, Esq.
Attorneys for Defendants COVENTRY HEALTH CARE WORKERS COMPENSATION, INC., FIRST HEALTH GROUP CORP., FOCUS HEALTHCARE MANAGEMENT, INC.,

IT IS SO ORDERED.
DATED: Oct. 27, 2009

Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"
## STIPULATION RE PROTECTIVE ORDER

The person signing this Stipulation re Protective Order stipulates and agrees that he/she has received and read the entire Stipulated Protective Order entered into by the parties in this matter, is bound by each and every term of the Stipulated Protective Order, and consents to personal and subject matter jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the Court's Order in the event the person signing this Stipulation re Protective Order violates any of the terms of the Stipulated Protected Order.

Dated: _____    _____